# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

ROBERT BRUCE CARROLL,

                      Plaintiff,

      -v.-                                       1:14-CV-531 (TJM/ATB)

RONDOUT YACHT BASIN, INC.,

                      Defendant.

ROBERT BRUCE CARROLL, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis (IFP) (Dkt. Nos. 1, 2), filed by plaintiff Robert Bruce Carroll. Plaintiff brings this complaint on a form utilized for cases filed under the Americans With Disabilities Act, ("ADA"), 42 U.S.C. § 12101 et seq. (Compl. ¶¶ 1, 15-16) (Dkt. No. 1). He also asserts claims for breach of contract, harassment, constructive eviction, and conversion. (Compl. ¶¶ 7-14). Plaintiff seeks substantial monetary relief. (Compl. at pp.6-7).

## I.    IFP Application

A review of plaintiff's IFP application shows that plaintiff declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status. In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Facts

Plaintiff asserts that his claims arose from the treatment he allegedly received when he was a "year round resident" at the defendant's marina and RV park from 1998

until May, 2008. (Compl. ¶ 3). Plaintiff states that he had a contract with defendant to keep plaintiff's sailboat at defendant's marina. At the beginning of the complaint, plaintiff outlines the impairments that make up his alleged disability. (Compl. ¶ 5). However, his first four causes of action are state-law claims, only tangentially related to the ADA.

### A. Breach of Contract

Plaintiff alleges that his contract with defendant was for storage, hauling, and launching of plaintiff's sail boat. (Compl. ¶ 8(a)). Plaintiff states that he paid an initial deposit of $500.00 in April of 2008, and he was waiting for the defendant marina to begin launching the boats. (*Id.*) Plaintiff claims that defendant failed to store and safeguard plaintiff's "jack stand supports," failed to provide adequate, continuous, and safe electrical service on land and at the boat slip. (*Id.* ¶ 8(b), (c)).

Plaintiff also alleges that the defendant marina failed to maintain the grounds, showers, and "other facilities" in a safe and clean condition "for customers and guests at the marina," and that defendant failed "to provide even minimum modifications of these facilities to accommodate persons with disabilities pursuant to the ADA." (*Id.* ¶ 8(d), (e)).

### B. Harassment

Plaintiff alleges that defendant harassed plaintiff by "complaining" to him that he had to remove one of his two vehicles from the marina, but the "harassment" began when the ground was still covered with ice and snow, and "it was obvious that the van was not in the way." (Compl. ¶ 10(a)). This harassment took the form of "oral demands and then written notices." (*Id.*) Defendant ultimately had plaintiff's van towed while he was away for the weekend, even though the defendant had been given the keys to the

3

van and did not need to "drag" the van "while in park." (*Id.* ¶ 10(b)). This resulted in damage to the bumper and to the drive train of the van, resulting in "economic loss" to plaintiff. (*Id.* ¶ 10(c)). Defendant complained to plaintiff that his dog was barking excessively in April of 2008, but it was not the plaintiff's dog. A neighbor had apparently complained who was "unaware of the second dog." (*Id.* ¶ 10(d)). Finally, plaintiff alleges that defendant threatened to evict plaintiff due to the nuisance his second vehicle and his dog had become, even though plaintiff had already paid his deposit and was "awaiting the assignment of a slip and waiting for his boat to be launched. (*Id.* ¶ 10(e)). Plaintiff claims that each of the acts of harassment "also constituted constructive eviction." (*Id.* ¶ 10(f)).

### C.     Constructive Eviction

Plaintiff alleges that defendant harassed plaintiff by interrupting his electrical power "in violation of a temporary restraining order." (*Id.* ¶ 12(a)). Defendants launched plaintiff's boat and tied it to a "remote" dock, requiring plaintiff to walk through "dangerous" areas of the marina to board and sleep on his boat. (*Id.* ¶ 12(b)). Defendant served plaintiff with only a three-day notice to vacate instead of a thirty-day notice. (*Id.* ¶ 12(c)). Plaintiff claims that defendant "removed" plaintiff's sailboat from the marina entirely on the second day. (*Id.* ¶ 12(d)).

### D.     Conversion

Plaintiff claims that the defendant launched and then removed plaintiff's sailboat, converting the boat and all of plaintiff's property onboard. When plaintiff drove to the marina to ask for the return of the boat, defendant refused to return any of plaintiff's property and refused to return the initial deposit. (*Id.* ¶ 14(a), (b)).

### E. ADA

Finally, plaintiff lists the ADA as a basis for his action. He claims that defendant violated the ADA because it failed "to make alterations to accomodate [sic] disabled customers and guests." (*Id.* ¶ 15(a)). The last paragraph of plaintiff's causes of action states "Retaliation in the form of breach of contract, harassment, constructive eviction, and conversion of plaintiff's property and failure to return plaintiff's initial $500 deposit." (*Id.* ¶ 15(b)).

## III. ADA

### A. Legal Standards

The ADA provides for protection against discrimination based upon disability. 42 U.S.C. § 12101 *et seq*. Title I of the ADA governs employment actions; Title II covers public services and programs; and Title III governs public accommodations. *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). Although plaintiff does not cite a specific section of the ADA, the most appropriate section for his claims would be the section governing public accommodations. This section provides that "[n]o individual shall be discriminated against on the basis of disability in the full an equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). *See Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008).

In order to allege a violation of this section a plaintiff must establish that he is (1) disabled *within the meaning of the ADA*;[1] (2) that the defendant owns, leases, or

---

[1] In order to state a claim under the ADA, plaintiff must allege that his impairments substantially limit one or more of his major life activities. *Cooney v. Con. Edison*, 62 F. App'x 579,

5

operates a place of public accommodation; and (3) that the defendant discriminated against plaintiff within the meaning of the ADA. *Id.* The statute of limitations for any type of ADA claim is three years. *Johnson v. DHS/ICE*, No. 13-CV-288A, 2013 WL 6669232, at *4 (W.D.N.Y. Dec. 18, 2013) (citing *Chisholm v. United of Omaha Life Ins.*, 514 F. Supp. 2d 318, 326 (D. Conn. 2007)).

### B. Application

A close reading of plaintiff's complaint shows that he alleges various physical impairments at the beginning of the document,[2] but most of the complaint is devoted to the state-law breach of contract, "harassment," constructive eviction, and conversion causes of action. Plaintiff is apparently more interested in the fact that he did not get his down payment back, and did not get his boat slip. Plaintiff never states how his access to the marina was impeded by his disability. He states that he was threatened with eviction "due to the nuisance plaintiff's second vehicle and his dog had become," not because of his disability. (Compl. ¶ 10(e)). Plaintiff also concedes that a neighbor complained about a dog, stating that it was plaintiff's dog, although plaintiff states that it was another dog of which the neighbor "was unaware." (Compl. ¶ 10(d)).

When plaintiff finally attempts to plead a cause of action based on the ADA, he appears to claim that just because he has a disability, all of the actions taken by

---

581 (2d Cir. 2003).

[2] In fact, the only actual limitations on "major life activities" stated by plaintiff are that he falls frequently and cannot get up from a chair or from the ground without assistance. (Compl. ¶ 5). He mentions many other symptoms caused by his impairments, such as foot drop, hammer toe, spasticity, muscular hypertonicity, clonus, pain, venous stasis, swelling of the legs, and cellulitis. (*Id.*) However, plaintiff does not relate any of these other symptoms to limitations on his activities that would affect his ability to utilize the defendant's services. Thus, plaintiff may be able to show that his impairments qualify as a disability protected by the ADA. The court does not have to make such a determination at this time because the complaint may be dismissed on other bases.

6

defendant were either because of plaintiff's disability or in "retaliation" in the form of all of the state-law claims. In the ADA cause of action, he states the defendant failed "to make alterations to accommodate disabled customers and guests." (Compl. ¶ 16(a)). In his breach of contract claim, plaintiff states that defendant failed to make even the "minimum" accommodations. However, plaintiff never states what those accommodations would have been or what alterations the defendant needed to make. Plaintiff never states how he was prevented from using any of the facilities because of his disability. The only time that plaintiff alleges anything that might be interpreted as relating to his particular disability is in the "constructive eviction" cause of action, where he states that the defendant launched plaintiff's boat and tied it to a remote dock, "requiring plaintiff to walk through dangerous areas of the marina to board an sleep onboard."[3] (Compl. 12(b)). However, plaintiff does not state that he was unable to get to his boat, nor does he state how the defendant could have made an accommodation for him. Additionally, he claims that he was a year-round resident of defendant's facility for ten years from 1998 until 2008. (Compl. ¶ 3). Plaintiff's claim that the defendant failed to make general "accommodations" for customers and guests is completely conclusory and fails to state any ADA claim. The fact that plaintiff "has" a disability does not automatically turn all defendant's conduct into disability discrimination. *See Vaigasi v. Management Corp.*, No. 11 Civ. 5088, 2014 WL 1259616, at *7 (S.D.N.Y. Mar. 24, 2014) (citations omitted) (conclusory allegations are insufficient to state an ADA claim).

---

[3] Plaintiff does not allege that he had a problem boarding or sleeping onboard a sailboat, notwithstanding the description of his disability in which he states that he could not get out of a chair without assistance.

In any event, even if plaintiff stated a proper claim under the ADA or at least a claim that could be made with an amendment to the complaint, the defendant's actions occurred, if at all, prior to May 31, 2008. (Compl. ¶ 3). Plaintiff claims that his "eviction," constructive or otherwise, occurred at the end of May 2008. (*Id.*) Plaintiff lived at the facility for ten years, and he states that his "disability" lasted the entire time. Any disability discrimination or "retaliation"[4] would have occurred prior to the time that he left, or was evicted from, the marina. Plaintiff filed this action May 7, 2014, long after the three year statute of limitations ran.

Statutes of limitation are generally subject to equitable tolling where it is necessary to prevent unfairness to a plaintiff who is not at fault for his lateness in filing. *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011). Equitable tolling is an extraordinary measure that applies only when the plaintiff is prevented from filing, despite exercising that level of diligence which could reasonably be expected under the circumstances. *Id.* The burden of demonstrating the propriety in applying equitable tolling rests with the plaintiff. *Boos v. Runyan*, 201 F.3d 178, 185 (2d Cir. 2000). Equitable tolling may apply when the plaintiff actively pursued judicial relief during the statutory period and was induced or tricked by his or her adversary's misconduct to let time pass. *See Irwin v. Dep't of Veterans' Affairs*, 498 U.S. 89, 96 (1990). However, plaintiff must act with reasonable diligence. *Id.*

In this case, there is no indication that equitable tolling would be appropriate, particularly because plaintiff was able to live at the marina for ten years prior to his eviction, and there is absolutely no indication that plaintiff was somehow "prevented"

---

[4] It is unclear to what "retaliation" plaintiff is referring. He claims that all his state-law causes of action were "retaliation," but never states upon what the retaliation was based.

8

from filing his action within three years of the accrual of his claim. Thus, plaintiff's ADA claim may be dismissed, and plaintiff would not be able to amend to allege any such claim against defendant based upon the statute of limitations.

IV. **Supplemental Jurisdiction**

   A. **Legal Standards**

Federal courts have supplemental jurisdiction over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d Cir. 2006) (citing 28 U.S.C. § 1367(a)). Supplemental jurisdiction is discretionary, and the district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. *Id.* at 122 (citing 28 U.S.C. § 1367(c)(3)). In making this determination, the court balances judicial economy, convenience, fairness, and comity. *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). In *Cohill*, the Supreme Court held that in the usual case in which all the federal law claims are dismissed, the balance of factors will weigh in favor of declining to exercise jurisdiction over the remaining state-law claims. *Id.* (quoting *Cohill*, 484 U.S. at 350 n.7).

   B. **Application**

As stated above, the main portion of the complaint is devoted to state-law claims. Federal subject matter jurisdiction exists only when there is a "federal question" (28 U.S.C. § 1331) or where there is "diversity of citizenship" (28 U.S.C. § 1332) and the amount in controversy exceeds $75,000.00. There is no diversity of citizenship in this case because plaintiff has listed the defendant as a New York company. If there were a

9

federal question, then supplemental jurisdiction would available over the state-law claims as outlined above. However, because this court is recommending dismissal of the only federal claim in plaintiff's complaint, the court will recommend dismissal of all of the potentially supplemental state-law causes of action. This includes the contract, harassment, constructive eviction, and conversion claims.

Although the court is recommending the dismissal of the ADA claim with prejudice, and plaintiff will not be able to bring the supplemental state-law claims in federal court, the court will recommend that the plaintiff's state-law causes of action be dismissed without prejudice to plaintiff bringing his state-law claims in New York State Court to the extent that he may be allowed to do so.[5]

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion for IFP status (Dkt. No. 2) is **GRANTED ONLY FOR PURPOSES OF FILING THIS COMPLAINT**, and it is further

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), as to the

---

[5] It is likely that, even if the court did not dismiss the supplemental state-law claims based upon the absence of a federal claim, the contract claim would be the only state-law claim that would survive because the rest would be barred by the New York State statute of limitations. Under New York Law, the statute of limitations for contract claims is six years. N.Y. Civ. Prac. L & R. § 213(2). Assuming that the cause of action accrued at the end of May 2008, plaintiff would just have been in time to file his claim. However, harassment or the intentional infliction of emotional distress is subject to a one-year statute of limitations for intentional torts. *Id.* § 215(3). The same is true for constructive eviction. *317 West 89th St., LLC v. Engstrom*, 36 Misc. 3d 1242(A), 960 N.Y.S.2d 53 (Table), 2012 WL 4113765, at *3 (N.Y. Sup. Aug. 21, 2012). Even assuming that plaintiff stated a proper claim for conversion, the statute of limitations under New York Law is three years, which begins to run at the moment of the conversion, regardless of when the conversion is discovered. N.Y. Civ. Prac. L. & R. § 214(3). *See Baiul v. William Morris Agency, LLC*, No. 13 Civ. 8683, 2014 WL 1804526, at *11 (S.D.N.Y. May 6, 2014). Thus, all the statutes of limitations, except arguably for the contract claim, would have run, and to the extent plaintiff had supplemental claims, all but one would have been dismissed. The court need not make this finding because plaintiff has the option of attempting to bring any state-law claims in state court without reference to the ADA.

ADA claim, and it is

**RECOMMENDED**, that plaintiff's claims of breach of contract, harassment, constructive eviction, and conversion be **DISMISSED WITHOUT PREJUDICE TO PLAINTIFF BRINGING ANY CLAIMS IN NEW YORK STATE COURT TO THE EXTENT THAT HE IS ABLE TO DO SO**, and it is

**RECOMMENDED**, that if the court approves this recommendation, it further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and it is

**ORDERED**, that the Clerk serve a copy of this Order upon plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: May 13, 2014

_Andrew T. Baxter_
Hon. Andrew T. Baxter
U.S. Magistrate Judge