**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT BRUCE CARROLL,**

          **Plaintiff,**

v.                  1:14-CV-531

**RONDOUT YACHT BASIN, INC.,**

          **Defendant.**
_____

## DECISION & ORDER

Thomas J. McAvoy, Senior District Judge.

  This *pro se* civil rights action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, was referred to the Honorable Andrew T. Baxter, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

  In the Report-Recommendation, dated May 13, 2014, Magistrate Judge Baxter granted Plaintiff's motion to proceed *in forma pauperis*, and recommends that his ADA claim be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted, but that the Complaint be dismissed without prejudice to Plaintiff bringing any potential state-law claims in the New York courts to the extent that he is able to do so.

  Plaintiff filed a timely objection to the Report-Recommendation pursuant to 28 U.S.C. § 636(b)(1). Plaintiff contends, in relevant part, that the Magistrate Judge erred in finding that his ADA claims were not subject to equitable tolling. When objections to a

1

magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." See 28 U.S.C. §636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in the Plaintiff's objections, this Court has determined to accept the recommendation of Magistrate Judge Baxter for the reasons stated in the Report-Recommendation.

Beyond the reasons stated in Magistrate Judge Baxter's Report-Recommendation, the Court will address the issue of equitable tolling of the statute of limitations for Plaintiff's ADA claims. Plaintiff raises specific objections where were not addressed by the Report-Recommendation because he raised them for the first time in his objections. Plaintiff does not deny that he failed to meet the three-year statute of limitations cited by Magistrate Judge Baxter. Instead, he contends that equitable tolling should apply.[1] Plaintiff's objections have not demonstrated, however, that equitable tolling applies to the facts of this case. Courts in this Circuit have found that "[e]quitable tolling principles have been applied where the plaintiff 'actively pursued judicial remedies' but filed a defective pleading during the specified time period." Brown v. Parkchester S. Condos, 287 F.3d 58, 60 (2d Cir. 2002) (quoting South v. Saab Cars USA, Inc., 28 F.3d 9, 11-12 (2d Cir. 1994)). Under this standard, "a plaintiff's failure to act diligently is not a reason to invoke equitable

---

[1] Plaintiff also asserts that the discovery rule applies. He asserts this rule in relation to damage to his sailboat, however. He does not relate that damage to his ADA claim. Since he could not, the discovery rule is immaterial.

2

tolling." South, 28 F.3d at 12.  Plaintiff asserts that he satisfied the statute of limitations in an eviction proceeding in 2008.  Though he admits that he did not file a formal ADA claim during that proceeding, Plaintiff contends that "it became known to the town court and to defendant during the eviction proceedings that the plaintiff was claiming a violation of the ADA."  Plaintiff's Objections, dkt. # 5, at 2.  Plaintiff produces no evidence to support this contention.  In any case, such an assertion, even if proved true, is not evidence that Plaintiff diligently pursued judicial remedies under the ADA.  Plaintiff does not assert that he sought any relief from the Court for his complaint, but merely that he discussed the issue in a Court proceeding that terminated and does not appear to have been fully appealed.  Further, that town court action ended long before this action was brought.  Thus, the Plaintiff's assertion cannot toll the statute of limitations.

Similarly, Plaintiff's contention that Plaintiff felt "intimidated" during his earlier litigation with Defendant, leading to "reactive depression and procrastination due to fear of reprisal" does not provide support for his equitable tolling claim based on a mental illness that allegedly inhibited his ability to file a claim. Id. at 2.  "The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff."  Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000).  Plaintiff does not provide any detail as to the nature of his mental difficulties, nor does he attempt to offer any substantial explanation as to how those difficulties prevented him from exercising his rights.  He simply assigns his six-year delay in filing a claim to a generalized sense of depression and fear of reprisal.  Courts are clear that a "conclusory or vague claim, without a particularized description of how [a plaintiff's] condition adversely affected h[is] capacity to function generally or in relationship to the pursuit of h[is] rights, is manifestly insufficient to justify any further inquiry into tolling." Id. Plaintiff has offered no such particularized description.  His conclusory allegations are

insufficient to apply tolling.[2]

In addition to the reasons stated above, the Report-Recommendation is adopted for the reasons stated in the Report-Recommendation. It is therefore ordered that:

(1) Plaintiff's Objections, dkt. # 5, to the Report-Recommendation of Magistrate Judge Baxter, dkt. # 4, are hereby OVERRULED;

(2) The Report-Recommendation is hereby ADOPTED;

(3) The Plaintiff's Complaint is dismissed with prejudice as to Plaintiff's claims brought pursuant to the ADA pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii);

(4) The plaintiff's breach of contract, harassment, constructive eviction, and conversion claims are DISMISSED WITHOUT PREJUDICE TO PLAINTIFF BRINGING ANY SUCH CLAIMS IN NEW YORK STATE COURT TO THE EXTENT THAT HE IS ABLE TO DO SO; and

(5) It is hereby CERTIFIED that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: October 3, 2014

Thomas J. McAvoy
Senior, U.S. District Judge

---

[2]Plaintiff claims that conditions at the marina violate the ADA for disabled persons who presently reside there. He asserts that such conditions represent a "continuing violation." Under the "continuing violation" doctrine, "if a plaintiff has experienced a 'continuous practice and policy of discrimination, . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it.'" Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir. 2001) (quoting Gomes v. Avco Corp., 964 F.2d 1330, 1333 (2d Cir. 1992)). Plaintiff is not asserting that *he* experienced a continuing pattern of discrimination that extended from the initial violation to some event within the limitations period. Instead, he is asserting that discrimination experienced by others should extend the statutory violations period for discrimination he earlier experienced. The continuing violations doctrine does not work that way, and it cannot aid Plaintiff.